KATHYLEEN A. O'BRIEN, CAL. BAR NO. 94218
CARLO VAN DEN BOSCH, CAL. BAR NO. 185207
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: (213) 620-1780
Facsimile: (213) 620-1398

BRIAN M. DAUCHER, CAL. BAR NO. 174212
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professioinal Corporations
650 Town Center Drive, Fourth Floor
Costa Mesa, California 92612
Telephone: (714) 513-5100
Facsimile: (714) 513-5130

Attorneys for Plaintiff
EVEREADY BATTERY COMPANY, INC.

FILED
CLERK, U.S. DISTRICT COURT
JAN 28 1999
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY
Enter Closed

CLERK
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EVEREADY BATTERY COMPANY, INC., a Delaware corporation,

Plaintiff,

v.

AMITA INTERNATIONAL TRADING CORPORATION, a California corporation; BH MARKETING, INC. a California corporation; ANIL K. MALHI, an individual; BADER HAMID, an individual; and Does 3 through 10, inclusive,

Defendants.

Case No. CV 98-5815 WMB (SHx)

JUDGE WILLIAM M. BYRNE

**STIPULATION RE SETTLEMENT OF ACTION AND FOR ENTRY OF FINAL JUDGMENT AND [PROPOSED] ORDER THEREON**

(No hearing required)

ENTERED ON ICMS
JAN 29 1999

IT IS HEREBY STIPULATED AND AGREED by and among Eveready Battery Company, Inc. ("Eveready"), on the one hand, and Amita International Trading Corporation. and Anil K. Malhi (collectively, "the Amita Defendants"), on the other hand, through their counsel, as follows:

1. This Stipulation is entered into with reference to the following facts:

(a) Eveready is the owner of numerous trademarks, including its federally registered **ENERGIZER** trademarks (collectively, "the Trademarks"), the trade names "Eveready" and "Energizer" ("the Trade Names"), and unique trade dress ("the Trade Dress") which it uses in conjunction with the manufacture, distribution, sale and promotion of a wide range of battery products.

(b) On July 20, 1998, Eveready filed its complaint in Civil Action No. CV98-5815 WMB(SHx) entitled Eveready Battery Company v. Amita International Trading Corporation, BH Marketing, Inc., et al. (the "Action"), which is now pending in the United States District Court for the Central District of California. That Complaint was subsequently amended to name Anil Malhi as a defendant. The Complaint, as amended, seeks damages and injunctive relief from the BH defendants based upon claims for federal trademark infringement, false and misleading descriptions and representations, infringement of California and common law trademarks, trade names and trade dress rights, unfair competition and unfair business practices, and constructive trust.

(c) The Amita Defendants admit that, without Eveready's knowledge or consent, they purchased, promoted and sold in interstate commerce, counterfeit battery

products which displayed on the products themselves and their related containers and packaging, Eveready's Trademarks, Trade Names and Trade Dress.

(d) The parties have settled this matter by agreeing to the terms and conditions set forth in the following documents: (1) this Stipulation Re Settlement of Action and for Entry of Final Judgment and [Proposed] Order Thereon ("Stipulation for Entry of Final Judgment"); (2) the Agreement of Settlement and Mutual Specific Release dated October 7, 1998 ("the Settlement Agreement"); and (3) the Stipulated Final Judgment.

2. A copy of the parties' Settlement Agreement is lodged concurrently herewith and the terms and conditions thereof are incorporated herein by reference.

3. The parties agree that the original Stipulated Final Judgment, a copy of which is attached hereto as Exhibit "A", shall be filed, rendered and immediately entered upon the presentation of a signed copy of this Stipulation for Entry of Final Judgment by counsel for Eveready. The original Stipulated Final Judgment is being lodged with the Court concurrently herewith.

4. The parties expressly waive any findings of fact, conclusions of law, statement of decision and any right to notice or right to be heard on any matter in connection with or arising out of the filing, rendition or entry of the Order on this Stipulation for Entry of Final Judgment or the Stipulated Final Judgment.

5. The parties agree that all the facts, claims and claims for relief alleged by Eveready in the Complaint on file in this Action shall be deemed conclusively proved against defendants.

6. The parties agree that the judgment shall be final, and that any right to set aside the judgment, appeal therefrom, or otherwise attack the validity of the judgment, shall be waived.

7. The Court shall retain jurisdiction over this action to enforce, if necessary, the provisions of the documents identified in Paragraph 1(d) above.

Dated: January 11, 1999

HOMAN & STONE

By ______________________
E. WALLACE DINGMAN

Attorneys for Defendants
AMITA INTERNATIONAL TRADING CORPORATION and ANIL K. MALHI

Dated: January 11, 1999

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By ______________________
BRIAN M. DAUCHER

Attorneys for Plaintiff
EVEREADY BATTERY COMPANY, INC.

6. The parties agree that the judgment shall be final, and that any right to set aside the judgment, appeal therefrom, or otherwise attack the validity of the judgment, shall be waived.

7. The Court shall retain jurisdiction over this action to enforce, if necessary, the provisions of the documents identified in Paragraph 1(d) above.

Dated: January ___, 1999

HOMAN & STONE

By ______________________
E. WALLACE DINGMAN

Attorneys for Defendants
AMITA INTERNATIONAL TRADING CORPORATION and ANIL K. MALHI

Dated: January 11, 1999

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By ______________________
BRIAN M. DAUCHER

Attorneys for Plaintiff
EVEREADY BATTERY COMPANY, INC.

**ORDER**

IT IS SO ORDERED.

Dated: Jan 21, 1999

HONORABLE WILLIAM M. BYRNE
UNITED STATES DISTRICT COURT JUDGE

Presented by:

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By ______________________
BRIAN M. DAUCHER

Attorneys for Plaintiff
EVEREADY BATTERY COMPANY, INC.

KATHYLEEN A. O'BRIEN, CAL. BAR NO. 94218
CARLO VAN DEN BOSCH, CAL. BAR NO. 185207
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
333 South Hope Street, 48th Floor
Los Angeles, California 90071-1448
Telephone: (213) 620-1780
Facsimile: (213) 620-1398

BRIAN M. DAUCHER, CAL. BAR NO. 174212
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
650 Town Center Drive, Fourth Floor
Costa Mesa, California 92612
Telephone: (714) 513-5100
Facsimile: (714) 513-5130

Attorneys for Plaintiff
EVEREADY BATTERY COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EVEREADY BATTERY COMPANY, INC., a Delaware corporation,

Plaintiff,

v.

AMITA INTERNATIONAL TRADING CORPORATION, a California corporation; BH MARKETING, INC. a California corporation; ANIL K. MALHI, an individual; BADER HAMID, an individual; and Does 3 through 10, inclusive,

Defendants.

Case No. CV 98-5815 WMB (SHx)

JUDGE WILLIAM M. BYRNE

**STIPULATED FINAL JUDGMENT FOR ISSUANCE OF PERMANENT INJUNCTION**

(No hearing required)

The Court, having considered all papers and pleadings on file in this action, including the parties' Stipulation for Entry of Final Judgment, and having determined that the parties having stipulated to the entry of final judgment,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. Defendants Amita International Trading Corporation, Anil K. Malhi, and all of their agents, employees, officers, attorneys, representatives and all other persons acting in concert or participation with them (individually and collectively, "the Amita Defendants"), and each of them, are permanently enjoined from doing, attempting, or causing to be done, whether directly or indirectly, by any means, method, or device whatsoever in the United States or in any foreign country, the following:

(a) The import, export, manufacture, reproduction, assembly, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, marketing, advertising or promotion of the counterfeit Eveready product identified in the Complaint or any other unauthorized Eveready product (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

(b) The import, export, manufacture, reproduction, assembly, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, marketing, advertising or promotion of any product which infringes any Eveready trademark, trade name and/or trade dress including, but not limited to, the Trademarks, Trade Names and/or Trade Dress at issue in this action.

(c) The unauthorized use, in any manner whatsoever, of any Eveready trademark, trade name and/or trade dress including, but not limited to, the Trademarks, Trade Names and/or Trade Dress at issue in this action, any variants, colorable

imitations, translations and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

(i) on or in conjunction with any unauthorized product; and

(ii) on or in conjunction with any unauthorized advertising, promotional materials, labels, packaging, or containers.

2. The Amita Defendants and all of their agents, employees, officers, attorneys, representatives and other persons acting in concert or participation with them, and each of them, are permanently enjoined from using any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by the Amita Defendants originates from Eveready, or that said merchandise has been sponsored, approved, licensed by, or associated with Eveready or is, in some way, connected or affiliated with Eveready.

3. The Amita Defendants, and all of their agents, servants, employees, officers, attorneys, representatives, and all other persons acting in concert or participation with them, and each of them, are permanently enjoined from engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that, the actions of the Amita Defendants or the Amita Defendants themselves are connected with Eveready, are sponsored, approved, or licensed by Eveready, or are in some way connected or affiliated with Eveready.

4. The Amita Defendants, and all of their agents, servants, employees, officers, attorneys, and all other persons in active concert or participation with them, are permanently

enjoined from affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Eveready.

5. If the Amita Defendants, or any of them, breach any of the terms of this Stipulated Final Judgment, Eveready shall have the right to seek all appropriate relief from the court.

6. If Eveready so elects, in lieu of recovering compensatory damages from the Amita defendants for breach of this Stipulated Final Judgment, it shall recover from the Amita Defendants, or any of them, liquidated damages in the amount of Twenty-five Thousand Dollars ($25,000.00) for each incident or occurrence which constitutes a breach of this Stipulated Final Judgment.

7. Eveready shall recover from the Amita Defendants, or any of them, all attorneys' fees and costs incurred in seeking enforcement of this Stipulated Final Judgment and/or in seeking any remedy based upon the failure of the Amita defendants, or any of them, to comply therewith.

8. This is a Final Judgment and is enforceable upon entry. The parties have waived findings of fact, conclusions of law, a statement of decision, and any right to set aside this Judgment, appeal herefrom, seek a new trial, or otherwise contest the validity of this Judgment in any way whatsoever.

9. Service on counsel of a copy of this Judgment shall constitute notice to the parties.

Dated: Jan 13, 1999

HONORABLE WILLIAM M. BYRNE
UNITED STATES DISTRICT COURT JUDGE

Presented by:

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By ______________________
BRIAN M. DAUCHER

Attorneys for Plaintiff
EVEREADY BATTERY COMPANY, INC.